IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE AND PAULINE MONITA | § § § | |
| *Plaintiffs,* | § § | |
| V. | § § | Civil Action No. 5:22-CV-00548 |
| HOME DEPOT U.S.A., INC. | § § § | |
| *Defendant.* | § | |

## COMPLAINT

George Monita, Plaintiff, and Pauline Monita, Plaintiff, file this Complaint complaining of Defendant, Home Depot U.S.A., Inc.

### I.    PARTIES

1.     Plaintiff, George Monita, is a natural person and at all times relevant to this cause of action has been and continues to be a resident of Spring Branch, Comal County, Texas and a citizen of Texas.

2.     Plaintiff, Pauline Monita, is a natural person and at all times relevant to this cause of action has been and continues to be a resident of Spring Branch, Comal County, Texas and a citizen of Texas.

3.     Defendant, Home Depot U.S.A., Inc. (Home Depot), is a Delaware corporation with its principal place of business in Georgia. Home Depot routinely does business in the State of Texas and may be served with citation by serving its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of fees and costs and this is a suit between citizens of different states.

5. Venue is proper in the Western District of Texas, San Antonio Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and division.

## III. STATEMENT OF THE CASE

6. On July 27, 2020, George Monita and Pauline Monita were shopping at Home Depot's store located at 128 Bulverde Crossing, Bulverde, TX 78163 in Bulverde, Comal County, Texas.

7. While George Monita and Pauline Monita were looking at blinds on one of the aisles, George Monita tripped over the forks of Home Depot's forklift that was dangerously left unattended on the aisle. As a result of the trip, George Monita fell and struck his head causing serious, debilitating, and long-term injuries. In addition, George Monita suffered an injury to his ankle.

8. Pauline Monita, George Monita's wife, was located in the immediate vicinity, experienced a sensory and contemporaneous observance of the incident, and suffered shock as a result of the direct emotional impact of observing the incident and her husband's resultant injuries.

## IV. CAUSES OF ACTION

9. George Monita and Pauline Monita committed no negligent acts or omissions that contributed to their injuries and damages.

**Premises Liability**

10. At all times relevant hereto, Home Depot was the owner, manager, and/or operator of the premises and forklift, and had control over the premises and forklift. George Monita and Pauline Monita were invitees on Home Depot's premises.

11. Home Depot owed George Monita and Pauline Monita a duty to use ordinary care to keep the premises in a reasonably safe condition, including the duty to protect invitees from unreasonable risks of harm or to warn them of the risks so they could avoid them. Home Depot also had a duty to inspect the premises to discover defects and was charged with constructive knowledge of any premises defects or other dangerous conditions that a reasonably careful inspection would reveal. Specifically, Home Depot had a duty to properly maintain the aisle and secure the forklift so that George Monita would not trip and fall.

12. Home Depot's failure to properly secure the forklift and maintain the aisle posed an unreasonable risk of harm to George Monita and proximately caused George Monita's injuries and damages and Pauline Monita's bystander injuries and damages.

13. Home Depot breached its duties by failing to make the premises safe and by failing to give adequate warnings to alert or warn of the dangers associated with the dangerous, unattended forklift in the aisle that posed a trip hazard.

**Negligence**

14. Further, Home Depot had a duty to exercise the degree of care that a reasonably careful business owner, manager and operator would use to avoid harm to others under the same or similar circumstances. A reasonably careful business owner, manager and operator would not have left the unattended forklift in the aisle where it posed a dangerous trip hazard to Home Depot's invitees.

15. Home Depot breached its duty of ordinary care by failing to properly and safely secure the forklift so that it would not pose a trip hazard.

**Proximate Cause**

16. Home Depot's acts and omissions, breaches of duty, and negligence, as described above, were a direct and proximate cause of the injuries and damages sustained by George Monita and Pauline Monita.

## V.  DAMAGES

### George Monita

17. As a direct and proximate result of Home Depot's acts and omissions, breaches of duty, and negligence described above, George Monita suffered severe personal injuries, pain, suffering, mental anguish, disability, and physical impairment (loss of enjoyment of life), disfigurement, and incurred reasonable and necessary medical expenses for the care and relief of his injuries. For a long time to come, if not for the rest of his life, George Monita will continue to suffer physical injuries, physical impairment (loss of enjoyment of life), disfigurement, mental anguish, and pain and suffering. Additionally, as a result of the incident, George Monita will incur reasonable and necessary medical expenses in the future. George Monita now sues for all of these damages.

18. George Monita is entitled to recover prejudgment and post judgment interest as allowed by law.

### Pauline Monita

19. As a direct and proximate result of Home Depot's acts and omissions, breaches of duty, and negligence described above, Pauline Monita is entitled to recover bystander damages because she contemporaneously witnessed the incident that caused severe injuries to her

husband, George Monita. Pauline Monita is entitled to recover for the mental anguish she has sustained and will continue to sustain from witnessing the incident, her husband's injuries, and her husband's concomitant physical and mental decline from the injuries he suffered because of Home Depot's acts and omissions, breaches of duty, and negligence described above.

20. Pauline Monita is entitled to recover prejudgment and post judgment interest as allowed by law.

## VI. CONDITIONS PRECEDENT

21. All conditions precedent have been performed, or have occurred, to support this pleading and the causes of action asserted herein.

## VII. DEMAND FOR JURY TRIAL

22. As authorized by Rule 38 of the Federal Rules of Civil Procedure, George Monita and Pauline Monita respectfully demand a trial by jury.

## **PRAYER**

WHEREFORE, Plaintiffs, George Monita and Pauline Monita, request that Defendant, Home Depot U.S.A., Inc., be cited to appear and answer herein and that on final trial, George Monita have judgment against Defendant, Home Depot U.S.A., Inc. for:

1. All medical expenses in the past and future;
2. Physical pain in the past and future;
3. Mental anguish is the past and future;
4. Physical impairment (loss of enjoyment of life) in the past and future;
5. Disfigurement in the past and future;
6. Prejudgment and post judgment interest as allowed by law;
7. Costs of suit; and

8. Such other and further relief to which George Monita may be justly entitled.

Plaintiffs further pray that on final trial, Pauline Monita have judgment against Defendant, Home Depot U.S.A., Inc. for:

1. Mental anguish is the past and future;

2. Prejudgment and post judgment interest as allowed by law;

3. Costs of suit; and,

4. Such other and further relief to which Pauline Monita may be justly entitled.

Respectfully submitted,

**WYATT LAW FIRM, PLLC**
Oakwell Farms Business Center
21 Lynn Batts Lane, Suite 10
San Antonio, Texas 78218
Tel: 210-340-5550
Fax: 210-340-5581
E-service: e-serve@wyattlawfirm.com

By: */s/ Paula A. Wyatt*
**Paula A. Wyatt**
Texas Bar No. 10541400
E-mail: pwyatt@wyattlawfirm.com
**Gavin McInnis**
Texas Bar No. 13679800
E-mail: gmcinnis@wyattlawfirm.com
**Louis Durbin**
Texas Bar No. 24078448
E-mail: ldurbin@wyattlawfirm.com
**Thomas Kocurek**
Texas Bar No. 24027421
E-mail: tkocurek@wyattlawfirm.com
***ATTORNEYS FOR PLAINTIFFS,***
***GEORGE MONITA AND PAULINE MONITA***